UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RAYMOND D. THOMPSON**                                               **PLAINTIFF**

v.                        **CASE NO. 4:09-CV-00117 BSM**

**UNIVERSITY OF ARKANSAS AT
LITTLE ROCK; DR. JOEL E.
ANDERSON, UALR Chancellor; UALR
DEPARTMENT OF CHEMISTRY; DR.
FRED BUZEN; DR. JERRY A. DARSEY;
DR. ROBERT E. BELFORD; ROBERT T.
SWINDELL; and SHANE SULLIVAN**                   **DEFENDANTS**

## ORDER

Before the court is plaintiff Raymond D. Thompson's motion for leave to proceed *in forma pauperis*. On March 5, 2009, the court directed Thompson to file a show cause statement with the court: (1) specifying the factual and legal basis upon which he asserts a Fourteenth Amendment claim; (2) explaining how defendants violated the Americans with Disabilities Act and the Rehabilitation Act, including whether Thompson alleges that he was discriminated against due to his disability or that he requested or was denied reasonable accommodation; (3) explaining the factual and legal basis for his claim pursuant to Title VII; (4) stating whether he is attempting to assert a claim pursuant to 42 U.S.C. § 1981 or 42 U.S.C. § 1983, and if so, explaining why his claims for monetary damages against UALR and any defendants sued in their official capacities are not barred by sovereign immunity and upon what factual and legal basis he brings the claim; (5) explaining the factual and legal basis for his claim pursuant to 20 U.S.C. § 1708; (6) explaining the legal and factual basis

for his claim pursuant to 42 U.S.C. § 2000c-8; (7) explaining the legal and factual basis for his claim pursuant to 20 U.S.C. §§ 1221(b)-(d) and 1221-1; (8) stating why the UALR Chemistry Department should not be dismissed; and (9) stating whether he is bringing suit against the defendants Dr. Joel E. Anderson, Dr. Fred Buzen, Dr. Jerry A. Darsey, Dr. Robert E. Belford, Robert T. Swindell, and Shane Sullivan in their official or individual capacities, or both.  The court cautioned Thompson that his failure to timely and completely respond to the order on or before March 23, 2009, would result in the dismissal of his complaint as frivolous and/or for failure to prosecute.  To date, Thompson has failed to file a response to the court's order.  Therefore, the court dismisses the complaint without prejudice for failure to prosecute.

Accordingly, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 1) is denied.  Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED this 25th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE